FILED
MAR 05 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FLORIN B. PIRV, | CV 06-145-PK |
| Plaintiff, | OPINION & ORDER |
| v. | |
| GLOCK, INC., GLOCK, Ges.m.b.H and FEDERAL CARTRIDGE COMPANY, | |
| Defendants. | |

PAPAK, Magistrate Judge:

Plaintiff Florin Pirv brought suit against Defendants Glock, Inc., Glock Ges.m.b.H. and Federal Cartridge Company after his Glock service pistol exploded during a police department training, causing serious injuries to his face and hands. Pirv asserts claims for products liability and negligence against all defendants. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Pirv's Motion to Compel Discovery Regarding Glock Ges.m.b.H (#232) is now before the court.

OPINION AND ORDER – PAGE 1

Pirv's motion is granted in part and denied in part, for the reasons set forth below.

## BACKGROUND

On March 4, 2004, Florin Pirv was injured when a Glock Model 21 service pistol exploded while he was shooting at the Portland Police Bureau's training range. Glock Ges.m.b.H. manufactured the pistol that malfunctioned. Glock, Inc. distributes Glock products in the United States. At the time of the incident, the pistol was loaded with ammunition manufactured by Federal Cartridge. A similar pistol failure occurred three days before and involved another police officer using a Glock 21 handgun and the same type of ammunition.

Pirv filed suit against the Glock defendants and Federal Cartridge in February 2006. The complaint alleges strict products liability and negligence against each defendant, but does not articulate specifically how the Glock 21 pistol and/or its ammunition were defective.

The parties have had numerous disputes over discovery matters. In relation to one of those disputes, in November 2009, I ordered Glock Ges.m.b.H. to respond to certain requests for admission and provide signed responses to interrogatories. (Opinion & Order, #228 at 14, 20.) In another discovery dispute, Pirv sought to obtain from Glock Ges.m.b.H. records regarding catastrophic failures of all models of Glock pistols for all years. (Opinion & Order, #199, at 12.) Pirv, however, posited a design defect in the thickness of the walls surrounding the firing chamber or based on defective metallurgy in the pistols produced near the same time as his failed pistol. With regard to the thickness of the chamber wall, Glock Ges.m.b.H. explained that the type of ammunition was pertinent to the pistol design and that the model at issue in this case, the Glock 21, was chambered

for .45 ammunition. As a result, I narrowed Pirv's request and ordered Glock Ges.m.b.H. to

produce responsive records from 1990 to 2009 that pertain to Glock models chambered for .45 ammunition or that pertain to metallurgical problems in any Glock model.

Pirv's current motion to compel arises out of information he obtained from Glock Ges.m.b.H.'s compliance with my order. Glock Ges.m.b.H. did not produce documents pertaining to metallurgical problems because it does not keep records that reveal the presence of such problems. Pirv asserts that the records Glock Ges.m.b.H. produced regarding models chambered for .45 ammunition, however, show that failures occur in models with related serial numbers. Pirv now posits that the failed barrels may be associated with particular heats of steel that Glock Ges.m.b.H. procured to manufacture the barrels and propounded five additional requests related to that theory.[1]

Glock Ges.m.b.H., however, maintains that the proximity of serial numbers does not indicate that the barrels bearing those numbers came from the same heat of steel because Glock Ges.m.b.H. does not serialize the barrels in the order that they were manufactured. In addition, Glock Ges.m.b.H. may have several heats of steel in use for manufacturing barrels at the same time. Moreover, Pirv's expert testified that he did not know whether the barrels with catastrophic failures came from the same heat of steel. Finally, Glock Ges.m.b.H. indicates that portions of Pirv's information regarding the serial numbers of barrels with catastrophic failures is unreliable because he obtained it from public postings on a web site.

---

1 A heat of steel is "the product of a single melting operation in a furnace, starting with the charging of raw materials and ending with the tapping of molten metal and consequently identical in its characteristics." Engineering Dictionary, Engineering Network, at: http://www.engnetglobal.com/tips/glossary.aspx?word=Heat+of+Steel.

OPINION AND ORDER – PAGE 3

## LEGAL STANDARDS

### I. Scope of Discovery Generally – Federal Rule of Civil Procedure 26(b)(1)

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party and may lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). A district court enjoys broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). District courts also have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### II. Motions to Compel – Federal Rule of Civil Procedure 37

In pertinent part, Federal Civil Procedure Rule 37 empowers a propounding party to "move for an order compelling an answer, designation, production, or inspection" if a party fails to answer an interrogatory submitted under Rule 33, or fails properly respond to a request for production of documents under Rule 34. Fed. R. Civ. P. 37(a)(3)(B). Rule 26 provides that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

### III. Requests for Production – Federal Rule of Civil Procedure 34

In pertinent part, Rule 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce documents or permit inspection of items "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The response to a propounding party's request for production of documents "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons" for the objection. Fed. R. Civ. P. 34(b)(2)(B). "An objection to part of a request must

specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

## DISCUSSION

### I. Heat of Steel Used in the Manufacture of Barrels That Had Catastrophic Failures – Request 101

Request for Production 101 seeks the receipt, inspection certificates and test results for the heats of steel used to manufacture barrels that had catastrophic failures and that have serial numbers that appear to be related. Pirv's request relies on his theory that the heat of steel Glock Ges.m.b.H. used in the manufacturing process may have played a part in the design defect. Glock Ges.m.b.H., however, indicates that Pirv's theory regarding the heat of steel is flawed because the proximity of serial numbers do not necessarily mean that barrels came from the same heat of steel.

The documents responsive to Request for Production 101 are relevant because Pirv has shown that serial numbers that appear to be related and the documents will either prove or debunk Pirv's theory regarding the heat of steel. Moreover, Pirv indicates that the requested documents will number less than 200 pages and Glock does not argue that producing the documents is unduly burdensome. I therefore grant Pirv's motion to compel with regard Request for Production 101.

### II. Repair and Warranty Claims Where Glock Ges.m.b.H. Attributed the Failure to Overpressure, Bulged Barrel, or Torn Barrel – Requests 98, 99 and 100

Requests for Production 98, 99 and 100 seek all documents relating to repair or warranty claims regarding any model of Glock pistol manufactured between January 1, 2000 and December 31, 2003 where Glock Ges.m.b.H. attributed the failure to overpressure, bulged barrel, or torn barrel. Pirv argues that the time frame is relevant because the pistol at issue was

OPINION AND ORDER – PAGE 5

manufactured in that time frame and because, as noted above, he now believes that the design defect may be due to the heat of steel used in the manufacturing process.

When Pirv obtains the documents responsive to Request for Production 101, he will be able confirm or reject his theory regarding the heats of steel used in the manufacturing process. I therefore deny Pirv's motion to compel with respect to Requests for Production 98, 99 and 100. I will revisit the issue if Pirv finds further discovery necessary after he obtains the documents responsive to Request for Production 101.

### III.   Steel Standard 1.7225 – Request for Production 102

Request for Production 102 seeks the document setting forth standard 1.7225, a German standard for steel. Glock Ges.m.b.H. indicates that it is attempting to locate a copy of the standard and will produce it if it is available. I therefore deny as moot Pirv's motion with regard to Request for Production 102.

### IV.   Responses to Interrogatories and Requests for Admissions

As noted above, I previously ordered Glock Ges.m.b.H. to respond to certain requests for admission and provide signed responses to interrogatories. Pirv's motion to compel states that Glock Ges.m.b.H. has not yet complied with that order. Glock Ges.m.b.H.'s response, however, indicates that it is in the process of complying with the order. I therefore deny as moot Pirv's motion to compel with regard to Glock Ges.m.b.H.'s compliance with my earlier order.

### CONCLUSION

Pirv's Motion to Compel Discovery Regarding Glock Ges.m.b.H (#232) is granted with regard to Request for Production 101 and denied with regard to Requests for Production 98, 99

OPINION AND ORDER – PAGE 6

and 100 and denied as moot with regard to Request for Production 102 and with regard to Glock Ges.m.b.H.'s response to my November 18, 2009 order. Glock Ges.m.b.H. must produce documents responsive to this order, and all documents responsive to previous orders, no later than thirty days from the date of this order.

IT IS SO ORDERED.

Dated this 5th day of March, 2010.

Honorable Paul Papak
United States Magistrate Judge

OPINION AND ORDER – PAGE 7