FILED
MAR 17 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FLORIN B. PIRV,

        Plaintiff,

v.

Glock Inc., GLOCK, Ges.m.b.H
and FEDERAL CARTRIDGE
COMPANY,

        Defendants.

CV 06-145-PK

OPINION & ORDER

PAPAK, Magistrate Judge:

    Plaintiff Florin Pirv brought suit against Defendants Glock Inc., Glock Ges.m.b.H. and Federal Cartridge Company after his Glock service pistol exploded during a police department training, causing serious injuries. Pirv asserts claims for products liability and negligence against all defendants. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Pirv's Motion to Withdraw Designation of Confidentiality Regarding Documents Produced by Glock,

OPINION AND ORDER – PAGE 1

Ges.m.b.H (#175) and Motion to Withdraw Designation of Confidentiality Regarding Documents Produced by Glock Inc. (#178) are now before the court. Both motions are granted in part and denied in part, for the reasons set forth below.

## BACKGROUND

On March 4, 2004, Florin Pirv was injured when a Glock Model 21 service pistol exploded while he was shooting at the Portland Police Bureau's training range. Glock Ges.m.b.H. manufactured the pistol that malfunctioned. Glock Inc. distributes Glock products in the United States. At the time of the incident, the pistol was loaded with ammunition manufactured by Federal Cartridge. A similar pistol failure occurred three days before and involved another police officer using a Glock 21 handgun and the same type of ammunition. Pirv filed suit against the Glock defendants and Federal Cartridge. The parties have stipulated to a protective order to govern the production and use of confidential documents  The order defines "confidential document" as "any document that reflects confidential trade secrets or other confidential or proprietary information that is designated 'CONFIDENTIAL' by the producing party." The order separately defines "confidential information" in the same manner. Under the terms of the order, a party may challenge the opposing party's designation of a document as confidential. The party who has designated the document as confidential bears the burden to prove that the designation is appropriate.

The parties have numerous disputes over the confidentiality of certain documents. Glock Ges.m.b.H., however, has agreed that GES 000194-199 and Glock Ges.m.b.H.'s responses to Plaintiff's Fourth Set of Requests for Production are not confidential. In addition, Glock Inc. has agreed that the following documents are not confidential: GI 01911-1918, GI 01973-2001, GI

OPINION AND ORDER -- PAGE 2

02007-2079, Glock Inc.'s responses to Plaintiff's Third Set of Interrogatories and Glock Inc.'s responses to Plaintiff's Fourth Set of Requests for Production. I address the remaining disputes below.

## LEGAL STANDARDS

### I.  Scope of Discovery Generally – Federal Rule of Civil Procedure 26(b)(1)

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party and may lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). "Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984). A district court enjoys broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

### II.  Protective Orders – Federal Rule of Civil Procedure 26(c)

Federal Rule of Civil Procedure 26(c) provides, that "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c). A party seeking to maintain a protective order must be able to show "for each particular document it seeks to protect . . . that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted); *see also* L.R. 26-4. "If a court finds particularized

harm will result from disclosure of information to the public, then it balances the public and private interests to decide whether a protective order is necessary." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002) (citation omitted). Thus, the district courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Rhinehart*, 467 U.S. at 36.

## DISCUSSION

Absent court order or a private agreement, parties to litigation are free to disclose their discovered materials. *See Foltz*, 331 F.3d at 1128 n.1 (citation omitted); *see also Harris v. Amoco Prod. Co.*, 768 F.2d 669, 683-684 (5th Cir. 1985) ("A party may generally do what it wants with material obtained through the discovery process, as long as it wants to do something legal. The federal rules do not themselves limit the use of discovered documents or information.") (citations omitted). Moreover, a blanket protective order is "inherently subject to challenge and modification, as the party resisting disclosure has not made any particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. United States Dist. Court - N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

Courts, however, "have long recognized the necessity of protecting confidential and sensitive business information through protective orders limiting the use of such information." *Wilson v. Rolls-Royce Motor Cars, Inc.*, No. 93-1073, 1994 WL 398347, at *2 (D. Or. July 22, 1994) (granting a protective order that upheld the confidentiality of documents regarding design, manufacture and testing of defendant's products over plaintiffs' objection that the order would prevent dissemination of important safety information); *see also Fryer v. Brown*, No. 04-5481, 2005 WL 1677940, at *7 (W.D. Wash. July 15, 2005) (granting a protective order to ensure

confidentiality of customer lists); *Kramer v. Boeing Co.*, 126 F.R.D. 690, 696 (D. Minn. 1989) (granting a protective order to ensure confidentiality of product design and quality assurance manuals); *Culligan v. Yahama Motor Corp.*, 110 F.R.D. 122, 125 (S.D.N.Y. 1986) (granting a protective order to ensure confidentiality of data concerning post-manufacture testing).

I. **Motion to Withdraw Designations of Confidentiality by Glock Ges.m.b.H.**

    A. **Steel Used by Glock Ges.m.b.H. - GES 000001-6**

These documents state the tests performed by the steel manufacturer on steel purchased by Glock Ges.m.b.H. Pirv contends that this information is not confidential because a pentagon-shaped symbol on the barrels of Glock pistols probably indicates that the barrels are made of a grade of steel that meets a publicly available European industry specification. Glock Ges.m.b.H. does not dispute that contention.

Glock Ges.m.b.H. provides no reason to support its argument that the documents contain sensitive information. Glock Ges.m.b.H. obviously shares the information with the steel manufacturer and does not dispute that the gun barrels themselves denote the grade of steel. As a result, I find these documents are not confidential and accordingly grant Pirv's motion with respect to documents GES 000001-6.

    B. **Production Logs - GES 000007, GES 000050-53, GES 000266-267**

The parties dispute the confidentiality of a number of production logs. Document GES 000007 lists the steps in the manufacturing process and the order they are performed, but does not describe the steps in any way.[1] Documents GES 000050-53 are production logs for the Tenifer process that do not describe the process, but disclose the the frequency of Glock

---

[1] The documents are in German. I therefore have relied on the parties' description of the documents.

OPINION AND ORDER – PAGE 5

Ges.m.b.H.'s quality control checks. Finally, documents GES 000266-267 are the proof testing results for two lots of pistols. Glock Ges.m.b.H. contends that the documents contain proprietary information because they disclose the steps and order of its manufacturing process and reveal the type and frequency of Glock Ges.m.b.H.'s quality control measures.

I find Glock Ges.m.b.H.'s argument is partially persuasive. While the production logs do not reveal any detail concerning the manufacturing process, I find that the order of the manufacturing steps and the frequency of Glock Ges.m.b.H.'s quality control checks could be valuable to Glock Ges.m.b.H. competitors who might seek to copy Glock Ges.m.b.H. procedures. The proof testing results, however, contain no information other than the results of tests of certain pistols. As a result, I deny Pirv's motion with regard to GES 000007, GES 000050-53 and grant the motion with regard to GES 000266-267.

### C.     Design Process and Drawings - GES 000008, GES 000184-193, GES 000210

The parties dispute the confidentiality of various design drawings and design modifications. Documents GES 000008 and GES 000189-190 are mechanical drawings of the Glock 21 and document GES 000210 is a mechanical drawing of a Glock 30 barrel. Documents GES 000184-188 explain the reason for a design modification of the Glock 21 barrel and GES 000191 describes another design modification. Documents GES 000192-193 contain information on the ammunition firing tests done in conjunction with the modifications.[2] Glock Ges.m.b.H. argues that these documents contain proprietary design information, including product designs, design changes and testing in conjunction with the changes.

The documents reveal more about the pistol designs than an individual could surmise upon visual inspection. Rather, they provide insight into Glock Ges.m.b.H.'s design process,

---

2  With the exception of the drawings, I have relied on the parties' description of the documents.

OPINION AND ORDER – PAGE 6

which might be valuable to competitors seeking to exploit that research and development. As a result, I deny Pirv's motion with regard to documents GES 000008, GES 000184-193 and GES 000210.

### D.  Testing – GES 00009-49, GES 000054-97, GES 000105-114, GES 000116-141, GES 000149-161, GES 00164-65

The parties dispute the confidentiality of documents related to Glock pistol testing. Documents GES 000009-49 describe testing of Glock pistols conducted by the Vienna Proof House in conjunction the University of Vienna. Documents 000054-97 and 000118-141 describe Glock pistol testing conducted by the Austrian Ministry of Defense. Documents GES 000105-114, GES 000116-1117 and GES 000149-161 describe testing of a Glock 17 pistol's performance in a sandstorm and a cold performance trial of the Glock 17. Documents GES 000164-65 encompass a letter from the Netherlands Army regarding Glock Ges.m.b.H.'s quality assurance program. Glock Ges.m.b.H. argues that all of the testing information is confidential product research and development data.

The testing was performed by third parties and Glock has not explained how it relates to its product development efforts or otherwise reveals proprietary information. I therefore conclude that Glock has not met its burden to show that the documents should be kept confidential. Accordingly, I grant Pirv's motion with regard to GES 000009-49, GES 000054-97, GES 000105-114, GES 000116-141, GES 000149-161 and GES 000164-65.

### E.  Manufacturing and Quality Control Manual – GES 000200-209, GES 000211-231 and GES 000262-265

The parties dispute the confidentiality of information contained in Glock Ges.m.b.H.'s manufacturing and quality control manual. Documents GES 000200-207 contain information

related to Glock Ges.m.b.H.'s quality control procedures. Documents GES 000208-209 describe Glock Ges.m.b.H. 's document retention policy.[3] Documents GES 000211-231 include instructions for the manufacturing process and documents GES 000262-265 pertain to the washing and finishing of pistol parts.

I find that most of the documents are properly designated as confidential. As noted above, Glock Ges.m.b.H.'s manufacturing steps and quality control checks could be valuable to competitors seeking to copy Glock Ges.m.b.H.'s procedures. Its document retention policy, however, does not contain sensitive information. I therefore grant Pirv's motion with regard to GES 000208-209 and deny the motion with regard to GES 000200-00207, GES 000211-231 and GES 000262-265.

### F.  Responses to Plaintiff's Third Set of Interrogatories

Pirv's Third Set of Interrogatories cover the Tenifer process, proof testing, and delivery of pistols to Glock Inc. In Glock Ges.m.b.H.'s supplemental responses to Interrogatories 13 through 15, Glock Ges.m.b.H. merely states that it uses the Tenifer process on Glock Model 21 pistol barrels. The responses to Interrogatories 16, 17, 19 and 25 reveal the proof house Glock Ges.m.b.H. used to proof test pistols in 2001, the price Glock Ges.m.b.H. paid to proof test a pistol, the current price for that testing, and the total cost of proof testing in 2001. Responses to Interrogatories 18 and 21 reveal the number of Glock 21 pistols and the total number of pistols proof tested in 2001. Glock Ges.m.b.H.'s response to Interrogatories 20, 22 and 24 indicate how many pistols it sold to Glock Inc. in 2001, what percent of its total 2001 sales were sales to Glock Inc., and how many of the sales were Glock 21 pistols.

---

3  Pirv has provided a translation of GES 000208-209. The rest of the documents are in German. I therefore have relied on the parties' description of those documents.

OPINION AND ORDER – PAGE 8

The documents are not confidential Glock Ges.m.b.H. publicly represents that it uses the Tenifer process and thus its responses to Interrogatories 13 through 15 are not confidential. Glock Ges.m.b.H. cannot establish the confidentiality of its responses to Interrogatories 16, 17, 19 and 25 regarding proof testing costs because it presents no evidence to rebut the fact that the proof house posts its prices online. Finally, Glock Ges.m.b.H.'s only objection concerning the remainder of the information is that competitors might use data regarding the number of sales and pistols tested to assert that its testing procedure is deficient. The potential exposure to criticism does not render the documents confidential, however, and Glock Ges.m.b.H. does not suggest that the information is otherwise proprietary. Accordingly, I grant Pirv's motion with regard to Glock Ges.m.b.H.'s supplemental responses to the Third Set of Interrogatories.

G.   **Responses to Plaintiff's Second Set of Requests for Admissions**

Pirv's Second Set of Requests for Admissions concern proof testing, markings on Glock pistols and reports of catastrophic failures. Glock Ges.m.b.H.'s responses only admit that it proof tests pistols sold in certain countries, confirm that proof-tested pistols bear a certain marking, confirm the maximum gas pressure for .45 cartridges, and admit that it was aware of catastrophic failures in pistols that were proof tested. The remainder of its responses are denials or refusals to admit or deny. Glock Ges.m.b.H., however, argues that its responses are confidential because competitors might use data regarding the number of sales and pistols tested to assert that its testing procedure is deficient.

I reject Glock Ges.m.b.H.'s argument because the potential exposure to criticism does not render the documents confidential. I therefore grant Pirv's motion with regard to Glock Ges.m.b.H.'s responses to Plaintiff's Second Set of Requests for Admissions.

H.  **Summary**

I grant Pirv's motion with respect to documents GES 000001-6, GES 00009-49, GES 000054-97, GES 000105-114, GES 000116-141, GES 000149-161 and GES 00164-65, GES 00208-00209, GES 000266-267, Glock Ges.m.b.H.'s supplemental responses to the Plaintiff's Third Set of Interrogatories and its responses to Plaintiff's Second Set of Requests for Admissions. I deny Pirv's motion with regard to GES 000007, GES 000008, GES 000050-53, GES 000184-193, GES 000200-00206, and GES 000210-231 and GES 000262-265. I deny as moot Pirv's motion with regard to GES 000194-199 and Glock Ges.m.b.H.'s responses to Plaintiff's Fourth Set of Requests for Production.

II.  **Motion to Withdraw Designations of Confidentiality by Glock Inc.**

A.  **Quality Control Worksheets and Manual – GI 01819-1870**

The parties dispute the confidentiality of information contained in two Glock Inc. quality control worksheets and Glock Inc.'s quality control manual. Documents GI 01819-1820 are worksheets reflecting an inspection of a subset of pistols manufactured in 2001. The worksheets do not describe any of the procedures Glock Ges.m.b.H. actually employs. Documents GI 01821-1870 form portions of Glock Inc.'s quality control manual relating to steps for assembly and testing of pistols. Glock Inc. contends that the documents are sensitive because they reveal quality control procedures and because Glock Inc.'s competitors could use the information to argue that Glock Inc.'s quality control is insufficient.

I find that a portion of the documents is confidential. The worksheets are not confidential because they merely reflect that a certain number of pistols underwent "final inspection" at a

OPINION AND ORDER – PAGE 10

certain time. The manual, however, includes descriptions of Glock Inc.'s manufacturing and testing process that competitors might use to benefit from Glock Inc.'s research and development. I therefore grant Pirv's motion with regard to GI 01819-1820 and deny the motion with regard to GI 01821-1870.

### B.     Warranty Claims – GI 01871-1910, GI 01919-1937, GI 02080-2120

The parties dispute the confidentiality of documents related to warranty claims. Glock Inc. contends that many of the documents are strictly internal or contain notes that reveal its policies and practices in administration of warranties, including prices charged for repairs, decisions to cover repairs under warranty and options it offers to customers for repairs and replacement. Glock Inc. also argues that the documents show how it works with ammunition manufactures where the ammunition could be the source of the pistol failure. Glock Inc. argues that its competitors could use this information to jeopardize Glock Inc.'s customer relationships and relationships with ammunition manufacturers.

Glock Inc.'s arguments are unpersuasive. The documents reflect warranty claims or requests for repairs and Glock Inc.'s responses to those requests, which it necessarily shared with third parties. I therefore grant Pirv's motion with regard to GI 01871-1910, GI 01919-1937, GI 02080-2120.

### C.     Document Retention Policy – GI 02002-2006

Although Glock Inc. argues that its document retention policy contains sensitive information concerning Glock Inc.'s retention of financial and tax filing documents, the policy merely provides the length of time that Glock Inc. must retain certain documents. I can discern no need to keep such information confidential, especially in light of the fact that, in its response

to Request for Admission 4, Glock Inc. stated that it maintains a standard document retention policy. I therefore grant Pirv's motion with respect to GI 02002-2006.

### D. Responses to First Request for Admissions

Pirv's First Set of Requests for Admission concerns proof testing, Glock Inc.'s document retention policy and the pentagram-shaped marking found on Glock pistol barrels. Nothing in Glock's responses is confidential. Glock Inc. denied the request concerning proof testing and refused to admit or deny the request concerning the marking. Moreover, as noted, Glock Inc.'s document retention policy is not confidential. I therefore grant Pirv's request with regard to Glock Inc.'s responses to Plaintiff's First Set of Requests for Admissions.

### E. Deposition of Gary Fletcher

Glock Inc. concedes that portions of Fletcher's testimony are not confidential but argues that it addresses sensitive information, such as Glock 21 design changes, catastrophic failure evaluation, inspection of pistols, customer complaints, and Glock 21's relationship to ammunition manufacturers. I have reviewed all of the testimony designated as confidential and find that Glock Inc.'s argument is unfounded. Fletcher speaks only in general terms about design changes and the final inspection process. Moreover, his review of customer complaints and warranty claims reveals only information that Glock Inc. shared with third parties. I therefore grant Pirv's motion with regard to Fletcher's deposition testimony.

### F. Summary

I grant Pirv's motion with regard to GI 01819-1820, GI 01871-1910, GI 01919-1937, GI 02002-2006, GI 02080-2120, Glock Inc.'s Responses to Plaintiff's First Set of Requests for Admissions and Fletcher's deposition testimony. I deny Pirv's motion with regard to GI 01821-

1870. I deny as moot Pirv's motion with regard to GI 01911-1918, GI 01973-02001, GI 02007-2079, Glock Inc.'s responses to Plaintiff's Third Set of Interrogatories and Glock Inc.'s responses to Plaintiff's Fourth Set of Requests for Production.

## CONCLUSION

Pirv's Motion to Withdraw Designation of Confidentiality Regarding Documents Produced by Glock, Ges.m.b.H (#175) is granted in part and denied in part, as set forth herein. Pirv's Motion to Withdraw Designation of Confidentiality Regarding Documents Produced by Glock Inc. (#178) is granted in part and denied in part, as set forth herein.

IT IS SO ORDERED.

Dated this 17th day of March, 2010.

_____
Honorable Paul Papak
United States Magistrate Judge