FILED

JUL 19 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

FLORIN B. PIRV,

        Plaintiff,

v.

GLOCK, INC., GLOCK, Ges.m.b.H
and FEDERAL CARTRIDGE
COMPANY,

        Defendants.

CV 06-145-PK

OPINION & ORDER

PAPAK, Magistrate Judge:

    Plaintiff Florin Pirv brought suit against Defendants Glock, Inc., Glock Ges.m.b.H. and Federal Cartridge Company after his Glock service pistol exploded during a police department training, causing injuries to his face and hands. Pirv asserts claims for products liability and negligence against all defendants. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Glock, Inc.'s motion to compel discovery from Pirv (#264) is now before the court. Glock, Inc.'s motion is granted for the reasons set forth below.

**BACKGROUND**

Page 1 - OPINION AND ORDER

On March 4, 2004, Florin Pirv was injured when a Glock Model 21 service pistol exploded while he was shooting at the Portland Police Bureau's training range. Glock Ges.m.b.H. designed and manufactured the pistol that malfunctioned. Glock, Inc. assembles and distributes Glock products in the United States.

Glock, Inc. states that Pirv's counsel has repeatedly inquired about and referred to other alleged incidents of Glock pistol failures. Upon information and belief, Glock, Inc. claims that the basis for these inquiries and references into unrelated pistol failures are documents obtained from third party sources. Further, Glock, Inc. states that some of these alleged incidents are incidents which Glock does not possess record of and that it has no way of obtaining those records. I address the specific discovery requests below.

## LEGAL STANDARDS

### I. The Scope of Discovery Generally

Federal Rule of Civil Procedure 26(b)(1) authorizes discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party and may lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). A district court enjoys broad discretion in controlling discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). District courts also have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

### II. Requests for Production

In pertinent part, Federal Rule of Civil Procedure 34 provides that "[a] party may serve on any other party a request within the scope of Rule 26(b)" to produce documents or permit inspection of items "in the responding party's possession, custody, or control." Fed. R. Civ. P.

Page 2 - OPINION AND ORDER

34(a). The response to a propounding party's request for production of documents "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons" for the objection. Fed. R. Civ. P. 34(b)(2)(B).

### III.  Motion To Compel

In pertinent part, Federal Rule of Civil Procedure 37 empowers a propounding party to "move for an order compelling an answer, designation, production or inspection" if a party fails to "permit inspection as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 26(b) provides that "for good cause the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1).

## DISCUSSION

The work product doctrine is not a privilege, but is a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation. *Admiral Ins. Co. v. United States Dist. Ct. for Dist. Of Arizona*, 881 F.2d 1486, 1494 (9th Cir. 1989). The federal work product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003). Rule 26(b)(3) states that ordinarily a party may not discover documents that are "prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3). The rule further protects against the disclosure of "the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." *Id.*

The party asserting the work product doctrine bears the burden of proving that the undisclosed material falls under work product protection. *Garcia*, 214 F.R.D. at 591. The

Page 3 - OPINION AND ORDER

asserting party must demonstrate that the documents withheld are: 1) documents and tangible things; 2) prepared in anticipation of litigation or for trial; and, 3) the documents were prepared by or for the party or attorney asserting the privilege. *Id.* If the party asserting the work product privilege meets its burden of proof, then the burden shifts to the party seeking discovery to show that "it has a substantial need for the material to prepare its case and cannot, without undue hardship, obtain the substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Opinion work product (attorney's mental impressions or legal strategy), however, enjoys near absolute immunity and can be discovered only in very rare circumstances. *Garcia*, 214 F.R.D. at 591.

## I. Documents Created By Third Parties Are Not Classified As Work Product

The Ninth Circuit "has not recognized the possibility that the federal common law may permit the application of the [work product] doctrine to the work product of non-parties." *U.S. v. Graham*, 555 F.Supp. 2d. 1046, 1050 (N.D. Cal. 2008). "Although some courts have extended the work product privilege outside of the literal bounds of the rule we conclude, that the rule, on its face, limits its protection to one who is a party to the litigation in which discovery is sought." *In re California Public Utilities Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989). Morever, work product protection does not extend to a third party even if that person is a party to a similar lawsuit in which he will be disadvantaged if he must disclose in the present suit. *San Francisco Bay Area Rapid Transport Dist. v. Spencer*, No. 04-04632, 2006 WL 2734284, at *2 (N.D. Cal. Sept. 25, 2006).

Documents must be "prepared in anticipation of litigation or for trial" in order to be considered work product. Fed. R. Civ. P. 26(b)(3)(A). Thus, documents prepared in the ordinary

Page 4 - OPINION AND ORDER

course of business are not protected as work product because they would have been created regardless of the litigation. *Myer v. Nitetrain Coach Co., Inc.*, No. 06-804, 2007 WL 686357, at *2 (W.D. Wash. Mar. 2, 2007). When a document is created for dual purposes, the document is protected under the work product doctrine if, in light of the nature of the document and the factual situation of the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9th Cir. 2004).

Here, it is undisputed that the documents at issue were in fact created by third parties and not in anticipation of the current litigation. Pirv, however, claims that the process of selecting specific documents from the vast amount available is protected under opinion work product. Pirv claims that his counsel strategically exercised judgment in only selecting two hundred and fifty pages of documents from those available and also in contacting only a limited number of the more than 9,000 law enforcement agencies who are believed to use Glock pistols. Thus, Pirv argues that the forced disclosure of the documents would reveal his trial strategy.

## II.  Exception To General Rule That Third Party Documents Are Not Work Product

Some courts treat the compilation of documents as opinion work product, even if they are composed of non-work product materials. *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 626 (N. D. Okla. 2009). Other courts recognize the selection and compilation of documents as a very narrow exception to the general rule that third party documents do not constitute work product. *Id.* This exception requires more than merely a speculative showing that the thought process of the counsel in relation to the pending or anticipated litigation would be exposed. *Horita v. Kauai Island Utility Co-op*, No. 07-00357, 2008 WL 2901236 (D. Haw. July 29, 2008); *see also*

Page 5 - OPINION AND ORDER

*Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 681 (M.D. Fla. 2006).

The Ninth Circuit has recognized that, although individual third party documents may be discoverable, there are certain situations where the selection and compilation of documents may reveal the attorney's thought process and fall within the work product protection. *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, No. 01-20418, 2005 WL 1459555, at *6 (N. D. Cal. June 21, 2005) (recognizing the exception, but finding no justifiable reason why plaintiffs should not produce or at least identify documents that support their allegations). In *U.S. ex rel. Bagley v. TRW, Inc.*, the court recognized that while there was no controlling authority on point and that persuasive authority was inconsistent, in the court's view, the extent to which the selection and compilation of documents constituted opinion work product varied on a case to case basis, determined by the amount of light that disclosure would shed on the attorney's mental strategy. 212 F.R.D. 554, 564 (C.D. Cal. 2003); *see also Lopez v. Vieira*, No. 06-1243, 2010 WL 2546050, at 5 (E.D. Cal. June 23, 2010) (finding the selection and compilation of specific employment records constituted opinion work product in revealing the attorney's thought process and legal theories).

Pirv cites *Shelton v. American Motors Corp.* in support of his theory that the selective copying of documents constitutes work product. In *Shelton*, the court extended work product protection to a deposed attorney who was asked to recall from memory certain documents that she had collected for the case. *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1328-29 (8th Cir. 1986). The court found that the recollection of the documents would likely be limited to those documents which the attorney found important to the case and would reveal, not only the existence of the documents, but also the attorney's mental selective thought process. *Id.*

Page 6 - OPINION AND ORDER

Glock's request for production of third party documents, however, differs from those in *Shelton*. Unlike in *Shelton*, Pirv's counsel was not deposed and asked to recite from memory specific documents he had obtained, but instead was simply asked to disclose all of the documents. The danger that acknowledging a document's existence from memory in a deposition would signal that the attorney felt the document was important enough to remember and thus may be relying on the document for their case, is less in the current situation. *Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, 233 F.R.D. 678, 682 (M.D. Fla. 2006) (distinguishing between requests to produce all documents relating to specific allegations and requesting that an attorney recall all documents that she collected). The court in *Shelton*, in fact, explicitly stated that "[the] case [did] not involve AMC's refusal to produce the documents inquired about by plaintiff's counsel," and instead was a circumstance where "requiring [the attorney] to testify that she [was] aware that documents [existed] concerning a certain issue [was] tantamount to requiring her to reveal her legal theories and opinions." 805 F.2d at 1328.

Pirv also cited *Hunter's Ridge Golf Co. v. Georgia-Pacific Corp.*, where the court stated that third party documents could constitute work product if the documents were already in possession of the requesting party and the requests were made with the precise goal of learning the opposing counsel's mental strategies. 233 F.R.D. 678, 681 (M.D. Fla. 2006). The *Hunter's Ridge* case, however, established that the party asserting work product protection must show a "real rather than speculative concern that the council's thought process" would be exposed through disclosure. *Id.* (finding conclusory statements that specific documents were selected from thousands of documents, without further details regarding their procurement or how the attorney went about obtaining the documents, to be insufficient to establish work product

Page 7 - OPINION AND ORDER

protection).

Here, like in *Hunter's Ridge*, Pirv makes the conclusory claim that his counsel has reviewed thousands of pages of materials available for public viewing on the Internet and exercised judgement with respect to selecting specific documents to copy. As no additional details are provided as to the procurement of the documents or how the disclosure would in fact reveal Pirv's counsel's mental strategies, Pirv has not met his burden of establishing a real, as opposed to speculative, showing that his counsel's mental thought process would be exposed through disclosure.

### III.    Discovery of Impeachment Materials

The scope of discovery is described in Rule 26(b). *Id.* Rule 26(b) broadly defines discoverable evidence as that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Subsection (b) does not distinguish between substantive and impeachment evidence. *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 45 (W.D. Va. 2000). Thus, if evidence that has impeachment value is requested in discovery, a litigant who fails to reveal such evidence faces having it excluded at trial, among other possible sanctions. *Stevens v. City of Red Bluff*, No. 06-0720, 2007 WL 184816, at *2 (E.D. Cal. Jan. 19, 2007).

Here, Pirv points to FRCP 26(a)(3), which requires that a party identify each document or other exhibit that he plans to use at trial other than those used solely for impeachment. Pirv claims that because Rule 26(a)(3) excludes information that will be used solely for impeachment purposes, which is the only purpose for which Pirv claims he intends to use the requested documents, he is not required to produce the documents pursuant to Glock's requests. Rule

26(a)(3), however, does not describe the scope of discovery or exclude impeachment evidence therefrom; it describes the scope of automatic initial disclosure requirements. *Gutshall* 196 F.R.D. at 44. Thus, Pirv's reliance on Rule 26(a)(3) is misplaced. *Id.* at 45.

### IV. Specific Requests for Production

Requests 15-19 seek documents that plaintiff has obtained from third party sources that relate to prior litigation involving Glock, Inc., alleged statements made by or attributed to Glock, Inc., or alleged catastrophic failures of Glock pistols. Similarly, Requests 22-56 and 59, seek documents that were created by third parties, not in anticipation of this litigation, and that relate to catastrophic failures of Glock pistols. Lastly, Request 10 simply seeks all remaining third party documents in the plaintiff's possession that support a products liability claim against Glock, Inc.

#### A. Requests For Production 10, 15, 16, 18, 19, 22-56, 59

The documents encompassed within Requests 10, 15, 16, 18, 19, 22-56, and 59 were neither created by Pirv's counsel nor created in anticipation of the pending litigation. Further, the requests do not fall within the narrow "selection" exception because Pirv has failed to demonstrate that compelled disclosure would reveal his thought process. Morever, Pirv's claim that the undisclosed documents are protected from discovery due to their intended impeachment use at trial is unpersuasive. Pirv, however, has already disclosed some of the relevant materials as exhibits to his motion for default or his opposition to defendants' summary judgment motions. Therefore, I grant the motion to compel in respect to Requests 15, 16, 18, 19, 22-56, and 59 to the extent that Pirv has not already produced the responsive documents or submitted them as an exhibit.

Page 9 - OPINION AND ORDER

**B.     Request For Production 17**

Request 17 seeks "any and all documents and/or information provided to Pirv and/or received from any person, attorney, group, association or entity who has in the past or is now investigating, monitoring or otherwise collecting information pertaining to Glock, Inc, Glock Ges.m.b.H., the subject pistol and/or Glock model pistols." Request 17, in its current drafted form, is overly broad because Pirv pursues only a products liability claim related to the design and testing of a Glock Model 21 pistol. Thus, I grant Glock, Inc.'s motion to compel a response to Request 17 only in part. Pirv need only produce documents pertaining to Glock, Inc. or Glock Ges.m.b.H. testing procedures, the design of the Glock 21, or other Glock 21 pistol failures. In addition, Pirv need not produce documents he has already produced or submitted as an exhibit.

## CONCLUSION

Glock's motion to compel discovery from Pirv (#264) is granted as described in this order.

IT IS SO ORDERED.

Dated this 19th day of July, 2010.

Honorable Paul Papak
United States Magistrate Judge

Page 10 - OPINION AND ORDER